# WILLIAM J. WARD

## *v.*

# HENRY H. TAYLOR.

1. GOODS SOLD AND DELIVERED — *action therefor ; of the delivery.* In order to maintain a count for goods sold and delivered it is essential that the goods should have been delivered to the defendant or his agent, or to a third person, at his request, or that something equivalent to a delivery should have occurred.

2. SAME — *and herein what amounts to a delivery.* While it is the rule that the delivery .of goods bought, to a carrier, to be conveyed to the vendee, is a complete delivery to the latter, and vests the property in the goods in him, yet the delivery to the carrier is incomplete to charge the vendee for the price of the goods if lost, unless the vendor, in so delivering them, exercises due care and diligence, so as to provide the consignee with a remedy over against the carrier.

3. So, where a vendor of goods delivered them to a carrier to be transported to the place of residence of the vendee, but consigned to the former, in the care of the purchaser, and upon the arrival of the goods at the place of 'destination, the vendee refused to receive them, whereupon the carrier delivered them to a warehouseman at another place, it was *held*, there was no delivery to the vendee, and an action for goods sold and delivered would not lie against him.

4. Nor would the fact that the goods came into the possession of an agent of the vendee at an intermediate point, to whose care they were shipped, as helper-on of the forwarding of them to their destination, constitute a delivery to the vendee. No greater effect, as regards delivery, would be given to the reception of the goods by the agent for that purpose, than to the receiving of them by the carrier in the first instance.

5. THE REMEDY in such case can only be had under a special count upon the contract for not accepting the goods, or, may be, a count for goods bargained and sold.

APPEAL from the Superior Court of Chicago ; the Hon. WILLIAM A. PORTER, Judge, presiding.

The opinion states the case.

Messrs. FULLER & SMITH, for the appellant.

Messrs. HIBBARD, RICH and NOBLE, for the appellee.

Mr. JUSTICE SHELDON delivered the opinion of the Court:

This was an action of assumpsit, brought by Taylor against Ward, to recover the price of a threshing machine.

The declaration was for goods sold and delivered.

The question which we shall consider is, whether, upon the facts in this case, an action lies for goods sold and delivered.

In order to maintain the count for goods sold and delivered, it is essential that the goods should have been delivered to the defendant or his agent, or to a third person at his request, or that something equivalent to a delivery should have occurred.

It is claimed that the delivery of the machine to the railroad company, at Canton, for transportation to the defendant, was a delivery to him.

While it is the rule, that the delivery of goods bought, to a carrier, to be conveyed to the vendee, is a complete delivery to the latter, and vests the property in the goods in him, yet, the delivery to a carrier is incomplete to charge the vendee for the price of the goods, if lost, unless the vendor, in so delivering them, exercises due care and diligence, so as to provide the consignee with a remedy over against the carrier. Chitty on Contracts, 440 ; *Buckman* v. *Levi*, 3 Camp. 414; *Clarke* v. *Hutchings*, 14 East, 475.

Taylor consigned this machine not to Ward, but to himself, to the care of Ward. Whether the delay in carrying the machine to its place of destination was occasioned by the loss of time between the manufactory at Canton and Cincinnati, or between Cincinnati and Metropolis, Ward was cut off from any remedy against the carrier. The contract for safe carriage is between the carrier and consignee, and the latter has the legal right of action.

In *Evans* v. *Martell*, 1 Ld. Raym. 271, it was held *per totam curiam :* "If goods, by bill of lading, are consigned to A, A is the owner and must bring the action against the master of the ship, if they are lost.

But, if the bill be special, to be delivered to A to the use of B, B ought to bring the action. But if the bill be general to A, and the invoice only shows that they are *upon the account* of B, A ought always to bring the action, for the property is in him, and B has only a trust."

This question can not be determined by the relations between Ward and Taylor merely. The carrier is a third party, and in case of an action, has the right to insist that the party alone entitled should sue. Ward could maintain no action against the carrier; Taylor could.

Had the machine been lost, the delivery to the railroad company would have been incomplete, under the authorities cited, to charge Ward for the price of it. And, although the machine was not lost, that should not change the effect of the act of delivery to the carrier, as to whether it amounted to a delivery to Ward.

It is further urged, that the machine coming into the possession of J. F. Mills & Co., at Cincinnati, the agents of Ward, that amounted to a delivery to Ward.

But it came to them only in pursuance of the shipment, *en route* to Metropolis, "*via* Cincinnati, care of J. F. Mills & Co.," as helpers-on of the forwarding of the machine to its destination to Taylor, and no greater effect, as regards delivery, is to be given to their reception of it for that purpose, than to the receiving of it by the railroad company.

There was no actual delivery of the machine to Ward at Metropolis, nor was it stored or left there for him; but on the failure to pay the freight and charges, the boat carried away the machine, and delivered it at St. Louis to Koenig & Co., agents of C. Aultman & Co., and correspondents of Taylor, who assumed to pay the freight and charges for Taylor.

He has never parted with the machine, and is not entitled absolutely to the price. The evidence shows no more than a breach of contract in refusing to receive the machine, and we are of opinion that the delivery to the railway company did not constitute a complete delivery to Ward, so as to charge him

for the price of the machine ; because, being consigned to Taylor himself, it was not put into such a course of conveyance as that in case of a loss, Ward might have had his indemnity against the carrier.

In *Turner* v. *Trustees, etc.*, 6 Eng. L. & Eq. R. 507, the consignment being to the consignors or order, it was held, not withstanding the goods were placed on the ship of the vendee, that there was no delivery as such to him, because the vendors had purposely restrained the effect of delivery on board the vessel, still reserving to themselves the *jus disponendi*.

As Taylor intentionally reserved to himself the rightful power of disposition of the machine in question, as against Ward, he can not, because he was not called on to exercise it, be permitted to deny his possession of that right which he expressly reserved, and would have asserted, had occasion required.

We think the common count for goods sold and delivered is not maintainable in this case, and that a recovery can only be had under a special count upon the contract, for not accepting the machine, or, may be, a count for goods bargained and sold.

This being a sufficient ground upon which to reverse the judgment, it is unnecessary to consider the various errors assigned.

The judgment of the court below is reversed and the cause remanded.

*Judgment reversed.*