## Western Union Railroad Company

*v*

## David C. Wagner *et al.*

65  197
27a 529
27a 530
65  197
35a 194
65  197
41a 291
65  197
71a  31
65  197
73a 415
65  197
176 265

1. Sale—*transfer of title by warehouse receipt or bill of lading.*  The transfer of a warehouse receipt or bill of lading, accompanied by a sale or pledge of the property specified in the receipt or bill, will have the same effect as the delivery of the property itself to the transferee.

2. SAME—*conditional delivery.* Where the vendor of a lot of butter delivered it at a railway station, and authorized the railway agent to issue a bill of lading to the vendee, under a verbal agreement with the vendee and the agent that it should not be shipped until the balance of the purchase price was paid, and the vendee pledged the bill of lading to a third party, who advanced him the value of the butter, without any notice of the verbal agreement: *Held,* that while the verbal agreement may have been sufficient as between the vendor and vendee, yet it was not of the slightest avail as to the third party; and by consenting to the delivery of the bill of lading, the vendor enabled the vendee to transfer a good title to any person dealing with him, without notice of the conditions annexed to the delivery.

APPEAL from the Circuit Court of Ogle county; the Hon. W. W. HEATON, Judge, presiding.

Messrs. EUSTACE, BARGE & DIXON, and Mr. THOS. J. HEWITT, for the appellant.

Messrs. BUSHNELL & BULL, and Mr. E. F. DUTCHER, for the appellees.

Mr. CHIEF JUSTICE LAWRENCE delivered the opinion of the Court:

We held in *Burton* v. *Curyea,* 40 Ill. 320, that while a warehouse receipt is not negotiable in the sense in which that term is applied to a promissory note, yet the transfer of such a receipt, accompanied by a sale or pledge of the property specified in the receipt, would have the same effect as the delivery of the property to the transferee—neither less nor more. This was before the act of 1867 in regard to warehouses, in which the legislature seems to have made such receipts strictly negotiable. The rule laid down in that case is applicable to bills of lading, and is decisive of the present case.

When the vendor of the butter delivered it at the railway station, and authorized the railway agent to issue a bill of lading to the vendee, he thereby placed the vendee in the possession of the property so far as third persons, knowing

nothing of the verbal arrangement, might become interested. The verbal agreement between the vendor, the vendee and the railway agent that the butter should not in fact be shipped until the residue of the purchase money should be paid, may have been quite sufficient as between the parties, but was not of the slightest avail as against Hewitt, who, without notice of such arrangement, advanced to the vendee the value of the property on the pledge of the receipt. The mistake of the vendor was in consenting that the bill of lading or warehouse receipt—for it might be regarded in either light—should be issued to the purchaser and retained by him. Indeed, after taking the bill of lading or receipt into his own possession for the purpose of stamping it, the vendor delivered it himself to the purchaser. This was precisely the same thing as the delivery of the property would have been, and enabled the purchaser to transfer a good title to any person dealing with him without notice of the conditions annexed to the delivery. This last rule is settled by the cases of *Jennings* v. *Gage*, 13 Ill. 611, and *Brundage* v. *Camp*, 21 ib. 330. In the last case the authorities are fully reviewed.

The instructions of the court were not in harmony with these principles settled in the several cases above cited, and the judgment must be reversed and the cause remanded.

*Judgment reversed.*