17 207<br>44 365

WILLIAM MIDA

v.

SOLOMAN GEISSMANN.

1. WAREHOUSE RECEIPTS—LIABILITY OF SELLER.—A party buying warehouse receipts of whisky stored in the distillery warehouse, and holding the same without presenting them or demanding the whisky upon them for nearly a year, when the distillery company failed, can not hold the agent who sold him the warehouse receipts liable for the loss without proof of fraud, or express warranty by such agent in making the sale and transfer of such warehouse receipts; and this conclusion is unaffected by the circumstance that the agent indorsed the receipts in blank to the purchaser.

2. SAME—INDORSEMENT.—An indorsement in blank of a warehouse receipt by the seller, authorizes the purchaser to write over such blank indorsement only a contract of mere assignment of the legal title, unlike the case of a negotiable promissory note or bill of exchange.

3. EVIDENCE.—A question which assumes a fact which is in dispute in the trial, and which has not been proved, is objectionable, and its admission will be error.

4. CUSTOM OR USAGE.—It is competent to prove a custom or usage of a trade well known to all dealing therein, where it contravenes no provision of an express contract.

ERROR to the County Court of Cook county; the Hon. RICHARD PRENDERGAST, Judge, presiding. Opinion filed November 25, 1885.

Messrs. KRAUS & MAYER, for plaintiff in error; as to agency, cited Wharton on Agency, § 735 ; Baring v. Corrie, 2 Barn. & Ald. 137, 143; Bisbee's Law of Produce Exchange, § 101 ; Edwards on Brokers and Factors, § 1 ; Braun v. City of Chicago, 110 Ill. 187, 194; Saladin v. Mitchell, 45 Ill. 79; Debolt v. Chase, 2 Gilm. 371 ; Warren v. Dickson, 27 Ill. 115 ; Marckle v. Haskins, 27 Ill. 382 ; Wheeler v. Reed, 36 Ill. 81 ; Millikin v. Jones, 77 Ill. 372 ; Wright v. Cabot, 89 N. Y. 570.

A warehouse receipt is not a negotiable instrument, and an innocent holder or indorsee does not occupy the position of one taking a promissory note before due : 1 Canadian Bank v. McCrea, 106 Ill. 281; Burton v. Curyea, 40 Ill. 320 ; Western Union R. R. Co. v. Wagner, 65 Ill. 197; Chicago Dock Co. v. Foster, 48 Ill. 507 ; Shaw v. Railroad Co., 101 U. S. 507 ; Sargent v. Central Warehouse Co., 15 Bradwell, 553 ; Jones on Pledges, § 281; Cochran v. Ripy, 13 Bush, 495 ; First Nat. Bank v. Boyce, 78 Ky. 42.

The delay had the effect to discharge Mida as indorser : Stewart v. Smith, 28 Ill. 397, 409 ; Colebrooke on Collateral Securities, § 412 ; Sargent v. Central Warehouse Co., 15 Bradwell, 553.

Upon the indorsement and delivery of the warehouse receipts, the Anderson Distilling Company warehouse became a bailee for Geissmann, and all relation to Mida ceased : Newcomb v. Cabell, 10 Bush, 460 ; Gibson v. Stevens, 8 How. 384; Sargent v. Central Warehouse Co., 15 Bradwell, 552 ; Burton v. Curyea, 40 Ill. 320 ; McPherson v. Gale, 40 Ill. 368 ; Chicago Dock Co. v. Foster, 48 Ill. 507 ; Broadwell v. Howard,

77 Ill. 305; Bailey v. Bensley, 87 Ill. 556; German National Bank v. Meadowcroft, 95 Ill. 124; Colebrooke on Collateral Securities, Sec. 412, *et seq.*; Jones on Pledges, Sec. 280.

The delivery of a warehouse receipt is a good symbolic delivery; it forms a good delivery in the performance, so as to defeat any action by the buyer against the vendor for non-delivery of the goods: Benjamin on Sales, Sec. 697; Canadian Bank v. McCrea, 106 Ill. 281; Newcomb v. Cabell, 10 Bush, 460; Burton v. Curyea, 40 Ill. 320; Salter v. Wollams, 2 M. & G. 650; Wood v. Manley, 11 Ad. & E. 34; Shaw v. Railroad Co., 101 U. S. 507; Smith's Leading Cases, Vol. 1, Pt. 2, p. 1223 (8th Am. Ed.), note to Lickbarrow v. Mason; Jones on Pledges, Secs. 280, 281.

The remedy of Geissmann is against the warehouseman or the assets in the hands of his assignee, who, by the issuance of the receipt, is estopped from denying its validity or his liability to surrender or turn over to the holder the property called for therein: Ferguson v. Northern Bank, 14 Bush, 555; Griswold v. Haven, 25 N. Y. 595; Bigelow on Estoppel, 3d Ed. 474; Jones on Pledges, Sec. 310, 311; Colebrook on Collateral Securities, Sec. 416; Newcomb v. Cabell, 10 Bush, 460, 473; McNeil v. Hill, 1 Woolw. 96.

As to evidence of usage or custom: Cothran v. Ellis, 107 Ill. 413; Sweet v. Leach, 6 Bradwell, 212; Bailey v. Bensley, 87 Ill. 556; Chicago Packing and Provision Co. v. Tilton, 87 Ill. 547; Munn v. Burch, 25 Ill. 35; Oldershaw v. Knowles, 4 Bradwell, 63; Lonergan v. Stewart, 55 Ill. 44; Dyer v. Sutherland, 75 Ill. 583; Doane v. Dunham, 79 Ill. 131.

Instructions which assume to make a statement of what is necessary to entitle a party to a verdict, and ignore other evidence tending to prove a fact which would not entitle the party to a verdict, are erroneous: St. L. A. & T. H. R. R. Co. v. Pflugmacher, 9 Bradwell, 300; St. Louis & S. E. Ry. Co. v. Britz, 72 Ill. 257; Hartley v. Lybarger, 3 Bradwell, 524; Ogden v. Kirby, 79 Ill. 555; Cushman v. Cogswell, 86 Ill. 62; Protection Life Ins. Co. v. Dill, 91 Ill. 174; Chicago P. & P. Co. v. Tilton, 87 Ill. 547.

Mr. PERRY A. HULL, for defendant in error.

McALLISTER, J.   This was an action brought by Geissmann against Mida, to recover back the purchase money paid by the former to the latter on a purchase of fifteen barrels of Anderson's whisky, at the time in a bonded warehouse in Louisville, Ky.   The plaintiff recovered $329.09, and the defendant brings error to this court.

The evidence shows that both parties had been engaged in the wholesale whisky trade, in Chicago, for several years prior to this sale, the plaintiff on his own account and the defendant as agent for distilleries, and that they had had several prior transactions of a similar nature, in which the plaintiff knew that defendant was dealing only as agent of the distilleries, whose whisky he sold.   The sale in question was made Dec. 12, 1883, in Chicago, and was effected by defendant, in the usual mode, indorsing and delivering to plaintiff three warehouse receipts, for five barrels each, issued in the usual form, by the Anderson Distillery Co., reciting the receipt of said quantity in their bonded warehouse in Louisville, Ky., and agreeing to deliver the same upon the return of the receipt, properly indorsed by said Mida and payment of the government tax and storage.   It was shown that they were respectively properly executed by the said company, and that the attestation of the United States storekeeper in charge of the warehouse was genuine.   It appears that upon delivery of these receipts by defendant to plaintiff, the latter paid the former the price, amounting to $318.82, but that plaintiff retained the receipts in his possession, and made no attempt to have either of them presented at the warehouse or the goods demanded thereon; and that about a year after the purchase, the said Distillery Company failed.   During the trial, one of plaintiff's attorneys withdrew his appearance, leaving the management of the case ostensibly in the hands of his law partner, and took the stand as a witness, and testified that during negotiations between the parties for a compromise, the defendant admitted to him that he had ascertained

Mida v. Geissmann.

since the sale to plaintiff, that these receipts were duplicates and worthless. The defendant testified explicitly denying that he ever made any such statement to the attorney or any other person.

There was no evidence in the case, sufficient to go to the jury, tending to show that the receipts were worthless at the time of the sale, except said alleged admissions testified to by said attorney. And the defendant's counsel offered to show by the defendant, when on the stand as a witness, that the whisky in question was in the warehouse which issued the receipts, at the time of the sale to the plaintiff, and also that if the receipts had been presented by the plaintiff to the warehouse company before their failure, the whisky could have been obtained. But upon objection by plaintiff's counsel, the court excluded the evidence, to which defendant excepted.

Upon the issues raised, the evidence was clearly admissible and it was error to exclude it.

The defendant's counsel offered to prove that at the time of the sale, there was a custom or usage of the whisky trade in Chicago, well known to all dealing in whisky warehouse receipts, that in purchasing whisky warehouse receipts, the seller of such receipts was never looked to as the responsible party; that the sole reliance was upon the warehouse which issued the receipts. Upon objection of plaintiff's counsel, the evidence offered was excluded by the court, and exception taken. The same offer was varied and repeated, but was excluded.

We are of the opinion that it was entirely competent to prove such usage where, as in this case, it contravened no provision of an express contract. Humfrey v. Dale, 90 E. C. L. 265 ; S. C. affirmed, 96 E. C. L. 1004; Lonergan v. Stewart, 55 Ill. 44.

The defendant called witness Kirwin and asked him the preliminary questions, with a view to proving the custom or usage of the trade, whereupon the court put to the witness this question: "Do you know of a custom that would place the loss on the buyer of a whisky warehouse receipt, where

that receipt was fraudulent and worthless because of its being a duplicate of the original one that had been issued by the same warehouse?" To which counsel for the defendant objected, but the court overruled the objection, to which exception was taken. The witness answered: "No sir, I never saw it tested."

If that question had been put by plaintiff's counsel, it would clearly have been objectionable, because it assumed that the warehouse receipts were fraudulent in their inception, a fact which was in dispute and which had not been proven. Haish v. Munday, 12 Bradwell, 539. But when put by the court and sustained as against the defendant's objection, it was much more prejudicial to the defendant, because it indicated to the jury that the court was of opinion that the receipts were fraudulent when issued, and therefore worthless. Undoubtedly if the court had so declared its opinion to the jury in direct terms, it would have been error. Is it any the less so because the same thought was communicated to the jury, by the covert and indirect means of such an interrogatory? Indeed, it is impossible to conceive of any purpose in asking the question, other than that of calling the attention of the jury to such assumed fact.

There was no attempt, on the trial, to prove either fraud or express warranty on the part of the defendant, in making the sale and transfer of the warehouse receipts. In the absence of such proof, we are aware of no principle or ground upon which defendant's liability could be predicated, except that they were not, in fact, what they purported to be, the warehouse receipts of the Anderson Distillery Company, but were spurious, or forgeries, and therefore worthless. Gompertz v. Bartlett, 2 Ellis & B. 849; Forbes v. Pansinsky, 14 Bradwell, 1. And we are of opinion that this conclusion is unaffected by the circumstance that defendant indorsed them in b'ank to the plaintiff. It is unlike the case of the indorsement of negotiable promissory notes or bills of exchange, and the only contract the plaintiff was authorized to write over such blank indorsement of the receipts was one of mere assignment of the legal title, the statute giving no other effect to it, and the law merchant has no application.

We find it unnecessary to pass upon instructions, but for the errors indicated, the judgment must be reversed and the cause remanded.

Judgment reversed.