THOMAS S. CORRIGAN

v.

JAMES E. HERRIN.

*Custom.*

1.   Proof of a custom is inadmissible to vary the terms of an express
contract.

2.   Proof of a custom among one class of persons will not be binding upon another class of persons, unless it is shown that the latter knew of the custom and contracted with reference to it.

[Opinion filed May 7, 1892.]

APPEAL from the Circuit Court of Cook County; the Hon. RICHARD S. TUTHILL, Judge, presiding.

Messrs. SAMUELS & LINN, for appellant.

Mr. K. R. SMOOT, for appellee.

SHEPARD, J.   Appellant was a lumber broker, and appellee a retail milkman, both doing business in Chicago.   They became acquainted in a saloon on Monroe street, and in the course of their conversation appellee told appellant that a business acquaintance of his, named Reardon, was about to build a barn, and would need to buy lumber for that purpose.   Appellant then agreed with appellee that if the latter would induce Reardon to buy the lumber through or of him, he would pay appellee a commission of five per cent.

Through appellee's instrumentality, a bill of lumber amounting to $606.75 was sold by appellant to Reardon. For the lumber appellant paid $594, and his profit in the transaction amounted to $12.75.   The controversy has arisen over the amount of commissions due to appellee.   The percentage was agreed to be five per cent, but whether five per cent on the gross amount of the bill for the lumber, or only on the profit made by appellant, is sharply disputed; in one event the amount to which appellee would be entitled is $33.30, and in the other to sixty-four cents.

The jury gave a verdict of $30 for plaintiff, the appellee. This verdict having been found upon conflicting evidence, settles the fact as to what the agreement was, and must be allowed to stand unless some error of law was committed by the court below.   The error principally complained of is the exclusion of an offer by appellant to prove a "general custom among lumbermen with reference to the payment of

commissions to middlemen." Proof of a custom is inadmissible to vary the terms of an express contract. Mida v. Geissmann, 17 Ill. App. 207; 1 Greenleaf, Evid., Sec. 281 and 294. But assuming that in a case like that of Knallaken v. Beck, 47 Hun, 117, or that of Miller v. Insurance Co., 1 Abbott's New Cases, 470, and where the evidence as to what the contract was is conflicting, it would be admissible to show usage or custom, " not for the purpose of establishing the price, but only as a circumstance going to the probability of what the contract was between the two parties," yet in the case under consideration the offer was imperfect and insufficient. The offer did not embrace the further necessary fact that the custom was known to both parties.

Proof of a custom among lumbermen would not be binding upon a milkman, unless it were shown that he knew of the custom and contracted with reference to it.

There is no other alleged error pointed out by counsel for appellant that needs discussion.

The judgment of the Circuit Court is affirmed.

*Judgment affirmed.*