68  315
86  140

## Chicago, B. & Q. R. R. Co. v. E. B. Willard.

1. EVIDENCE—*Admission by Agent.*—In a suit for malicious prosecution, the statements of a detective employed by a railroad company, made at the time of a preliminary examination, on a warrant the issuance of which is complained of, are not admissible against the company to prove that the detective acted as a representative of the company, and within the scope of his authority, in causing the arrest of the plaintiff.

2. SAME—*As to Authority of Agent.*—In a suit against a railroad company for malicious prosecution, based on an arrest caused by an agent of the company, the defendant may show that the agent had no authority to make arrests or swear out warrants, unless especially instructed so to do, and that in the particular instance he acted without authority.

**Action,** for malicious prosecution. Appeal from the Circuit Court of La Salle County; the Hon. CHARLES BLANCHARD, Judge, presiding. Heard in this court at the May term, 1896. Reversed and remanded. Opinion filed December 9, 1896.

SAMUEL RICHOLSON, attorney for appellant; O. F. PRICE, of counsel.

J. E. COLEMAN and TRAINOR, BROWNE & AYERS, attorneys for appellee.

MR. PRESIDING JUSTICE HARKER DELIVERED THE OPINION OF THE COURT.

This is an appeal from a judgment of $2,000, rendered against appellant in a suit for malicious prosecution, in which appellee charged appellant with procuring his arrest and imprisonment on a false charge of larceny.

The facts which led up to the arrest of appellee were as follows :

A car load of potatoes, which had been shipped by H. S. Smith & Co., of Minneapolis, and which had been refused by the consignee, was upon the side track of appellant's railroad at La Salle. The freight was not paid, and appellant's station agent, acting under instructions from Smith & Co., offered the potatoes for sale. Appellee purchased them, agreeing to pay forty cents a bushel. He advanced $50, and agreed when he had removed from the car enough potatoes to cover that amount, to make a further deposit. After he had removed potatoes amounting to about $95, and had peddled them out to various parties, he left the State and did not return for several weeks. Franks, becoming alarmed, called upon C. H. Dawson, a detective in the employ of appellant, for assistance. About a month

afterward Dawson, ascertaining that appellee was at Peru, Illinois, swore out a writ for appellee and procured his arrest.

An examination was had before a magistrate, who held appellee to bail, and in default of bail to amount of $200, committed him to the county jail to await the action of a grand jury. The entire expense of prosecution was borne by Smith & Co., and Franks testified that all action taken by him in the matter, was at the instance of Smith & Co., and not as the agent of appellant. Appellee was committed on the 27th of December, 1893, and remained in jail in Ottawa until January 13, 1894, when he was discharged because the grand jury failed to return a bill of indictment against him.

If a recovery can stand it must be upon the theory that the acts of Dawson were those of the railroad company. The company defended mainly upon the ground that it was not a participant in the criminal prosecution, and that it was instituted by Dawson without its sanction or knowledge.

It is argued here to some extent that there was probable cause for making the complaint and procuring appellee's arrest, but as the cause will be submitted to another jury we do not care to express our views upon that feature of the case.

It is clear that there could be no recovery against appellant unless the evidence showed either that the arrest and imprisonment of appellee were procured at its instance, or that Dawson in procuring his arrest acted within the line of his authority, or that being advised of the notion of Dawson it suffered him to proceed without objection.

There is no proof in the record that the warrant upon which appellee was arrested was procured at the instance of appellant or that appellant knew anything of the prosecution until long after appellee had been committed to jail.

Counsel for appellee realized the necessity of showing that what Dawson did was as a representative of appellant, and fell within the apparent scope of his authority. He sought to do so by the declarations of Dawson himself, made

before and at the time of the preliminary examination. The court at first held that he could not make the proof in that mode, but afterward, over the objection of appellant, allowed him to do so. That was error.

When appellant offered to show by the testimony of H. D. Judson, superintendent of appellant, what the limit of Dawson's authority was, that he had no authority to make arrests or swear out warrants unless specially instructed to do so, and that in the instance of appellee's arrest Dawson acted without instructions, the court refused to allow the proof. In this the court erred. Such testimony was very important, in view of the fact that the contention of appellant, through the entire trial, was that appellee's arrest and imprisonment was at the instance of Smith & Co., and that what was done by Franks and Dawson was as the agents of that firm and not as agents of appellant.

We see nothing wrong with instructions given for the plaintiff.

For the errors of the court in ruling upon the admission of testimony above indicated, the judgment will be reversed and the cause remanded for another trial.