## James Kitchin v. John E. Clark.

1. ASSUMPSIT—*what essential to recovery in action for goods sold and delivered.* In order to recover in assumpsit under the counts for goods sold and delivered, it is essential that the delivery of the goods in question be established by the greater weight of the evidence.

2. DELIVERY—*what does not establish.* The delivery of goods sold is not established by showing the loading of the same upon cars, where it appears that the seller consigned the same and caused the bill of lading to be issued to himself and did not also indorse and deliver such bill of lading to the purchaser.

Action of assumpsit. Appeal from the Circuit Court of Coles County; the Hon. E. R. E. KIMBROUGH, Judge, presiding. Heard in this court at the November term, 1904. Reversed and remanded. Opinion filed April 20, 1905.

EDWARD C. & JAMES W. CRAIG, JR., for appellant.

ANDREWS & VAUSE, for appellee.

MR. JUSTICE PUTERBAUGH delivered the opinion of the court.

This is a suit in assumpsit by appellee against appellant. The trial in the Circuit Court resulted in a verdict in favor of the plaintiff for $400.96, from which the defendant appeals.

The declaration consists of the common counts. Recovery was sought thereunder for goods sold and delivered and for commissions claimed to be due plaintiff for services in purchasing corn for defendant. In February, 1903, appellant, Kitchin, who was a grain buyer at Mattoon, Illinois, bought of or through the agency of appellee, Clark, a farmer living near Fordyce, Illinois, 8,000 bushels of corn, estimated to be about ten carloads, part of which belonged to Clark and the remainder to Tucker, Madden and Davis, neighboring farmers.

Kitchin claims and so testifies that he bought the entire lot consisting of Clark's individual corn and other corn belonging to neighboring farmers, directly of Clark, who was

acting as agent for such other owners, with the understanding and agreement that it was all to be shipped and delivered by Clark to Kitchin at Baltimore, Maryland, for export; that it was to be graded and weighed at Baltimore; that it was to grade there as either No. 3 or No. 4; and that if it graded No. 3 the price to be paid was thirty-eight cents, and if No. 4, thirty-six cents per bushel. On the other hand Clark contends, and so testifies, that he sold his individual corn to Kitchin at thirty-eight cents per bushel, to be delivered on board the cars at Fordyce; that it was not to be subject to Baltimore grades or weights; that the remainder of the corn was bought by him for and at the request of Kitchin, who agreed to pay him one-fourth cent per bushel for his services; and that he was not to and did not guarantee the grade or weight at Baltimore but was simply to ship such other corn, as instructed by Kitchin. It is not, however, controverted that it was agreed that all of the corn, when loaded in the cars, was to be consigned to " John E. Clark, Baltimore, Md., notify James Kitchin; " and that Clark was thereupon to draw upon Kitchin through some bank, at the rate of thirty-six cents per bushel, attaching the bills of lading for the corn to such drafts; and that Kitchin prepared and mailed to Clark a specimen bill of lading showing how the consignments were to be made. Several matters growing out of the transaction are in controversy in this suit, only one of which we deem it necessary to now consider.

On April 8th, Clark, pursuant to said contract, shipped three cars of his own corn, for each of which he obtained a bill of lading, which, in conformity with the specimen furnished, recited that the car was consigned to Clark, at Baltimore, with directions to notify Kitchin. The cars were numbered 90,103, 16,018 and 10,347. On April 13th, Clark, sent Kitchin, by mail, bills of lading for cars numbered 90,103 and 16,018, but failed to send the one for the car numbered 10,347.

It clearly appears from the evidence that Kitchin never received the bill of lading for car 10,347 and did not know

that such car had been loaded or shipped until May 13, 1903, when he learned from his commission men at Baltimore that the corn, not having been claimed upon its arrival, had been placed in a public elevator and afterwards sold for less than the freight and other charges.

It is sought by Clark to recover the value of the missing car of corn, under the count of the declaration for goods sold and delivered. It is contended by Kitchin that he never received the bill of lading for the missing car and that the car was never delivered to him either actually or constructively, and that therefore no recovery can be had for the value of the corn, under the count for goods sold and delivered.

" To maintain the count for goods sold and delivered, it is essential that the goods should have been delivered to the defendant or his agent, or to a third person at his request, or that something equivalent to a delivery should have occurred." Ward v. Taylor, 56 Ill. 494.

In order, therefore, for Clark to recover the value of the corn in question, under the count for goods sold and delivered, it was incumbent upon him to show the delivery of the same, by the greater weight of the evidence.

" The delivery of goods bought, to a carrier, to be conveyed to the vendee, is a complete delivery to the latter, and vests the property in the goods in him." Ward v. Taylor, *supra*. It follows that if a bill of lading for the car, properly indorsed so as to constitute a complete delivery, had been delivered by Clark to Kitchin, it would have been sufficient.

The mere loading of the corn upon the cars at Fordyce, did not, however, constitute a delivery of the same to Kitchin, for the reason that the corn was consigned, and the bills of lading issued, not to Kitchin, but to Clark himself. Such act did not divest Clark of his title to the corn. It was, in legal effect, but a delivery to the carrier as bailee for Clark, and a valid transfer of the bills of lading by Clark, before the corn actually reached the possession of Kitchin, would have passed the title of the property to such

assignee.  Benjamin on Sales, sec. 399;  M. C. R. Co.' v.
Phillips, 60 Ill. 190;  W. U. R. Co. v. Wagner, 65 Ill. 197;
Lewis v. Springville, 166 Ill. 311.  To constitute a delivery
of the corn to Kitchin it was  therefore  necessary that he
should not only have indorsed the bills of lading to Kitchin,
but have also delivered the same to him.

Clark testifies that he received the three bills of lading
from the agent at the same time and mailed them all to Kit-
chin, but that he would not say positively that he mailed
them all in one letter.  Accompanying the two bills of lad-
ing, which were received by Kitchin, was a letter as follows:
" You will find enclosed bill of lading for two cars.  Would
send  sooner  but  thought would  try  to  bill out the third
one."  Other facts and circumstances appearing in the rec-
ord, which we deem it unnecessary to recite in detail, con-
firm us in the belief that for some reason or cause the third
bill of lading was  never sent nor delivered to Kitchin by
mail, or otherwise, and was  finally mislaid or lost while
yet in the possession of Clark.

While the evidence fails to show a specific agreement to
that effect, we think the jury was warranted in finding
that it was the understanding of the parties that the bills
of lading were to be sent by mail, and had the one in ques-
tion been so sent, in accordance with such understanding,
we are of opinion that it would have constituted a suffi-
cient delivery, although the bill was lost in transit.  We
think, however, that the greater weight of the evidence
fails to show that the bill in question was ever sent to
Kitchin through the mails or that anything equivalent to
a delivery occurred.

Inasmuch as the plaintiff failed to prove by the necessary
degree of evidence that the corn contained in car 10,347
was  ever delivered to or  came into the possession of Kit-
chin, or any one for him, the verdict of the jury, in so far
as it awarded  to Clark damages for the corn in question,
was erroneous and excessive.

The third instruction given at the request of appellee is
palpably erroneous.  It not only utterly ignores the essen-

tial question at issue, as to whether or not the corn was delivered, but clearly assumes that there was a delivery.

The foregoing being sufficient grounds upon which to reverse the judgment, it is unnecessary to consider the various other errors assigned, a number of which we deem valid.

For the reasons indicated the judgment of the court below is reversed and the cause remanded.

*Reversed and remanded.*