Decorators Supply Corporation, Appellee, v. James Babka et al., Trading as Babka Plastering Company, Appellants.

Gen. No. 39,117.

Opinion filed May 19, 1937.

HENRY BLUMBERG, of Chicago, for appellants; A. CHARLES LAWRENCE, of Chicago, of counsel.

ALFRED LUBIN, of Chicago, for appellee.

MR. PRESIDING JUSTICE DENIS E. SULLIVAN delivered the opinion of the court.

This is an appeal from a judgment for the sum of $3,335.50 entered in the superior court on January 15, 1936, in favor of plaintiff, Decorators Supply Corporation, and against the defendants James, Bernard and Mary Babka, individually and as copartners, doing business as the Babka Plastering Company, in an action of trespass on the case on promises, in which the plaintiff sought, under an amended declaration, to recover as assignee of the Decorators Supply Company from the defendants as partners for goods, wares and merchandise sold and delivered by Decorators Supply Company. The cause was tried without a jury resulting in the above mentioned judgment.

It is claimed in the amended declaration that on November 14, 1934, the said Decorators Supply Corporation purchased by assignment all of the accounts receivable of the Decorators Supply Company, a bankrupt, from Robert W. McKinley, trustee in bankruptcy, and that the said Decorators Supply Corporation is now the owner and holder of a certain account against said defendants.

The amended declaration further alleges that on April 6, 1928, said defendants entered into a contract with the Decorators Supply Company for the furnishing and manufacture of plaster ornaments to be installed in the lobby and banquet hall of the Hotel Waukegan at Waukegan, Illinois, for the sum of $3,180; that on April 16, 1928, the said defendants entered into a new contract with the Decorators Supply Company for the furnishing and manufacture of decorative plaster work to be installed at the Hotel Waukegan for the sum of $450; that from April 9, 1928, to July 13, 1928, the defendants purchased from the Decorators Supply Company, goods, wares and merchandise to be delivered at the Hotel Waukegan, in the sum of $53.50; that by said contracts the said defendants agreed and promised to pay the aforemen-

tioned sums and that pursuant to said contracts, the Decorators Supply Company did furnish, manufacture, deliver and sell to said defendants the merchandise as hereinabove mentioned, and that all of said merchandise was delivered to the Hotel Waukegan at Waukegan, Illinois at the instance and request of said defendants; that said defendants thereby became indebted to the plaintiff, after allowing a credit of $250, in the sum of $3,335.50.

On November 25, 1935, the defendants James Babka, Bernard Babka and Mary Babka, sued individually and as copartners doing business as Babka Plastering Company, filed pleas to the amended declaration among which was a verified plea denying joint liability. The third plea alleged payment and states that on February 6, 1929, the Decorators Supply Company assigned a mechanic's lien on the Hotel Waukegan in payment of the entire debt. The fifth plea was one of release for a valuable consideration. The sixth plea which was verified states that defendants are not nor were they ever jointly liable in the several causes of action.

The plaintiff took issue by filing a replication on November 27, 1935.

On January 15, 1936, judgment was entered in favor of plaintiff, Decorators Supply Company, and against Louis Babka, James Babka, Bernard Babka and Mary Babka, doing business as Babka Plastering Company and Babka Plastering Company, a corporation, in the sum of $3,335.50.

On March 3, 1936, an order and judgment *nunc pro tunc* as of January 15, 1936, was entered, stating that it appearing that upon a mistake of fact a judgment was entered on January 15, 1936, for $3,335.50 in favor of plaintiff company and against said defendants. It was then ordered that a judgment for said amount be entered in favor of Decorators Supply Corporation, as-

signee of Decorators Supply Company, a corporation, and against James Babka, Bernard Babka and Mary Babka, individually and as copartners, doing business as Babka Plastering Company, and eliminating the name of Babka Plastering Company, a corporation, and Louis Babka, from which order the appeal was perfected.

It appears from the evidence that the Decorators Supply Company went into bankruptcy.

Plaintiff's Exhibit 1 is a receipt signed by the trustee, being for the sum of $375 and representing the bid made by the Decorators Supply Corporation, by Wm. T. Foster, president, for uncollectible accounts receivable and notes of the Decorators Supply Company. Mr. Foster of the Decorators Supply Corporation testified that this was the only assignment that the Supply Corporation ever received, for that purpose, for the accounts receivable.

Plaintiff's Exhibit 2 was an order to the Decorators Supply Co., dated April 6, 1928, to proceed with the work on the ornaments for the lobby and banquet hall of the hotel and was signed Babka Plastering Co., by Joseph Hrizak.

Plaintiff's Exhibit 3 was a letter written on the letterhead of the Babka Plastering Company, dated April 16, 1928, addressed to Decorators Supply Company accepting the proposal of that company for certain work. It is signed Babka Plastering Co., by Wm. Horalek.

Plaintiff's Exhibit 4, dated February 6, 1929, was an order on the Hotel Waukegan Corp., directing them to pay the Decorators Supply Company out of the balance due them on their contract for the lathing and plastering. This order is signed Babka Plastering Co., by James Babka and Bernard Babka.

Plaintiff's Exhibit 5 was received in evidence over defendants' objection, it being a certificate of the re-

corder of deeds of Cook county, setting forth a certificate of Louis L. Emmerson, secretary of state, dated November 24, 1928, stating that Babka Plastering Company is a legally organized corporation, with 100 shares of stock of no par value and giving the names of the subscribers to capital stock as James Babka, Bernard Babka, Mary Babka and William Horalek and named the first board of directors as James Babka, Bernard Babka and William Horalek. It also gave the names of incorporators as Alfred Magnusson, Joseph T. Scott and Thane T. Swartz. On the second page of said document, among other things, is the following: the partnership takes over the "partnership heretofore conducted in Chicago by Mary Babka, James Babka, Bernard Babka, William Horalek and Joseph Hrizak under the name and style of Babka Plastering Company." This was improperly admitted in evidence as to Mary Babka. It was mere hearsay evidence at best and was not competent evidence to prove a partnership. Mary Babka does not appear to have signed the application or to have known of its contents.

Plaintiff's Exhibit 6 was a certified copy of a certificate of increase of capital stock of Babka Plastering Company, filed in the office of the recorder of deeds of Cook county, increasing the capital stock of the Babka Plastering Company from 100 shares no par value to 1,100 shares no par value, of which 1,090 shares were issued in exchange of all the assets of the partnership heretofore conducted in Chicago, Illinois, by Mary Babka, James Babka, Bernard Babka, William Horalek and Joseph Hrizak under the name and style of Babka Plastering Company.

Plaintiff's Exhibit 7 consisted of seven invoices of the Decorators Supply Company of Waukegan and were for various amounts, the first being dated April 9, 1928, and the last one was dated November 12, 1928. The amounts set forth on these invoices totaled

$3,585.50, with a credit memorandum for $250, leaving a net balance of $3,335.50.

Attempts were made by plaintiff to prove delivery of the material to the hotel. Counsel first called James Babka, one of the defendants, as provided by section 60 of the Civil Practice Act, Ill. State Bar Stats. 1935, ch. 110, ¶ 188; Jones Ill. Stats. Ann. 104.060, but he knew nothing about the delivery of the material and he was not asked who composed the partnership. He testified that Mary Babka acquired an interest in the partnership on the day of the incorporation which was on November 24, 1928, according to the certificate. This was six months after the date it is alleged in the declaration that the contract was entered into.

E. E. Foster was called by the plaintiff and testified that he was a salesman for the plaintiff company, but did other work in addition to selling; that he sometimes collected accounts and sent out the statements, but that he did not have anything to do with the making of the contract.

At the conclusion of plaintiff's evidence the court denied defendants' motion to find for the defendants.

Foster was also called under section 60 of the Civil Practice Act for the defendants and stated that he made a personal visit to Waukegan and saw some ornamental plaster up and some lying around to be put up; that his assumption was that it had been made by the Babka Plastering Company, inasmuch as they had the contract, but that he did not know as he did not see it delivered there; that ''the only personal knowledge I have is the times I seen the trucks being loaded to go up there. . . . I never saw it.actually delivered at the building.''

We do not believe the evidence shows a delivery of material to the Hotel Waukegan as alleged in the declaration. *Kitchin v. Clark*, 120 Ill. App. 105.

It is next contended by the defendants that the proof of the partnership does not sustain the allegations thereof contained in the declaration or the judgment entered by the court.

In the case of *Powell Co. v. Finn,* 198 Ill. 567, the court said:

"The theory of the plaintiff's case is, that the defendants . . . are jointly liable in this action as partners. Of course, to make them so liable it was necessary that the plaintiff should prove that they were each members of the association,—in other words, to prove the partnership and also that each of the defendants was a member of the firm."

This contention must be sustained especially as to Mary Babka. We fail to find any evidence in the abstract to show the organization of such partnership or that she was a member of any such partnership. In fact the only affirmative evidence appearing in the record is that her interest in the partnership occurred on the day of the incorporation which was November 24, 1928, being six months after the time of the transaction with the Decorators Supply Co.

Much is said by both sides in discussing the state of the pleadings and that the declaration does not allege sufficient to sustain the judgment, or that the plea of non-joint liability states conclusion, etc. Inasmuch as these points were not objected to in the trial court, they cannot now be raised here. We are not inclined to consider such objections at this time except to say that in another trial any such errors may be avoided.

This cause was tried by a judge without a jury and reviewing courts hesitate to reverse such cases as the presumption is that the trial judge considered only the competent evidence. But, where there is a lack of competent evidence to sustain the judgment entered, reviewing courts will not hesitate to reverse the same.

From a review of this case we are impelled to say that there is not sufficient competent evidence to sustain the judgment against the defendants as partners and the judgment is, therefore, reversed and the cause is remanded for a new trial.

*Judgment reversed and cause remanded.*

HEBEL and HALL, JJ., concur.