[No. 2717.   March 29, 1923.]

## STATE TAX COMMISSION v. POWERS & SCROGGINS

## In re TAXES FOR 1918, 1919, AND 1920 AGAINST POWERS & SCROGGINS

### SYLLABUS BY THE COURT

1. Under the provisions of chapter 101, Laws 1919. no complaint can be submitted by the district attorney to the district court for the correction of taxes, unless the matter is presented to him within six months after the tax rolls are delivered to the county treasurer, and no complaint presenting errors committed prior to the passage and approval of such act could be filed by such ditsrict attorney, unless the matter be submitted to him within six months after its passage and approval.

2. Section 478, c. 133, Laws 1921, construed and held to continue in force and effect all existing law with regard to taxes theretofore assessed, or which were delinquent at the time of the passage and approval of said chapter.

3. Under this rule, chapter 101, Laws 1919, was in force and effect with regard to taxes assessed for the years 1918, 1919, and 1920, and a petition seeking a cancellation of such taxes, which was filed on September 30, 1921, was not filed within the required time.

Appeal from District Court, Valencia County; Owen, Judge.

In the matter of taxes assessed against the property of Powers & Scroggins for certain years. Petition for cancellation. Petition granted, and State Tax Commission appeals. Reversed and remanded, with directions.

William J. Eaton, of Socorro, for appellant.

### OPINION OF THE COURT

BRATTON, J. On September 30, 1921, the appellee, Powers & Scroggins, presented its petition to the district attorney of the Seventh judicial district in which it set forth that during the years 1918, 1919, and 1920 it was assessed in Valencia county taxes upon 42 head of cattle, and that in fact it had no cattle in said county during said years, and prayed a cancellation of such taxes. This petition was approved by the district attorney, and presented to the court. Thereupon the State Tax Commission appeared by its special counsel, and moved to dismiss the petition because it was not filed within the time required by law. This motion, which was in effect a demurrer, was overruled, and the petition sustained, from which judgment this appeal has been perfected.

By the provisions of section 5475, Code 1915, any taxpayer who complains of any injustice done him with regard to taxation may submit such complaint to the district attorney, and, if such district attorney becomes satisfied that a correction or change should be made concerning such taxpayer, so that an injustice may be obviated, it becomes the duty of such district attorney to present the matter to the district court for such correction. The pertinent part of such statute is as follows:

"If the treasurer shall discover any errors of other kinds in said assessment book by which any injustice would be done to any taxpayer, it shall be his duty to report the same to the district attorney, and any taxpayer complaining of any such injustice may submit his complaint to the district attorney; and if the district attorney is satisfied that correction or

change should be made so as to avoid injustice to the taxpayer, it shall be his duty to submit the matter to the district court and ask for an order of that court that such change or correction should be made, without cost to the taxpayer injuriously affected."

[1] No limitation of time is prescribed in such statute within which such complaint may be presented to the district attorney. It follows, therefore, that by its terms the complaining taxpayer has the right to so complain at any time, and it is made the duty of the district attorney to act, upon being satisfied that an injustice has been done, regardless of how aged or archaic such injustice may be. The law remained thus until the Legislature enacted chapter 101, Laws 1919, which provided that no such complaint should be submitted to the court by the district attorney unless the matter should be presented to him, either by complaint of the taxpayer, or a report thereof by the treasurer, within six months from the delivery of the tax rolls to the county treasurer, and that no complaint presenting errors committed prior to the passage and approval of such act should be filed by such district attorney, unless it was presented to him within six months after its passage and approval. The material portion of this act is in the following language:

"And no such complaint or petition shall be submitted to the court by the district attorney asking for an order that any change or correction be made in the assessment of the property of any taxpayer as shown by such assessment book, unless complaint by the taxpawer alleging error in such assessment, or report thereof by the county treasurer, be filed with or made to the district attorney within six months from the date of delivery of such assessment book to the county treasurer; no such complaint or petition shall be filed by any district attorney on behalf of any taxpayer, as to errors in any assessment made prior to the passage and approval of this act, unless filed within six months from and after such passage and approval."

It is obvious that the purpose of thus limiting the time within which such matters should be presented to the district attorney was to require the taxpayer to act with reasonable diligence and dispatch, and to relieve the district attorney, as well as the court, from the duty

of investigating ancient and perhaps missing records.

[**2**]   Section 5475, Code 1915, was repealed by section 478, c. 133, Laws 1921, while chapter 101, Laws 1919, was likewise repealed by section 316 of said chapter 133, Laws 1921.  Said chapter 133, aforesaid, became effective on March 12, 1921, which was prior to the filing of the petition herein.  This act however contains the following saving clause:

"Provided, that the provisions of this act shall not affect or be applicable to taxes heretofore assessed, or which are delinquent at the date of the approval hereof, except, that suit for the same may be brought and judgments thereon rendered in the manner provided in this act, but the validity of such delinquent taxes shall be determined by the law in force at the time of making the assessments therefor." Section 478, c. 133, Laws 1921.

[**3**]   By virtue of this saving clause, all existing law is continued in force with regard to all taxes theretofore assessed, or which were delinquent at the time of passage and approval of the act, and hence section 5475, Code 1915, as well as chapter 101, Laws 1919, were still in force and effect in so far as they previously gave the right to the correction which appellee sought was concerned.  The repealing sections contained within the act were one of its provisions, and hence it necessarily follows that such repeals were not effective as to such taxes previously assessed, or which were delinquent at the time of the passage and approval of said statute.  It is contended that certain provisions of chapter 133, laws 1921, govern the time within which this petition should have been presented, and that it was not presented within the time required by that act.  This contention is untenable.  The statute is clearly prospective, and does not appear to be retrospective in its operation, except that the procedure therein prescribed for the collection of taxes may be adopted in the collection of taxes assessed or due prior to the adoption of the statute.  The saving clause contained in such statute is practically the same as that contained in chapter 80, Laws 1917, which was construed by this court and held to expressly limit the

terms of the statute to a prospective operation. Craw-ford v. Dillard, .26 N. M. 291, 191 Pac. 513. This con-struction is aided by the general rule that statutes are presumed to act prospectively only, and are never given a retroactive effect unless such intention on the part of the Legislature is clearly apparent. Gallegos v. A., T. & S. F. Ry. Co. (N. M.) 214 Pac. 579.

The judgment will therefore be reversed and re-manded, with directions to sustain the demurrer, and dismiss the complaint; and it is so ordered.

PARKER, C. J., and BOTTS, J., concur.