Lorenzo Vaughn *vs.* N. Y., N. H. & H. R. R. Co.

WASHINGTON—MAY 25, 1905.

PRESENT: Douglas, C. J., Dubois and Parkhurst, JJ.

(1)  *Sales.   Vendor and Vendee.   Common Carriers.*

A carload of corn was shipped by A., from Boston, to B., at Davisville, R. I. A. agreed to pay the freight to Davisville, and a bill of lading was sent by A. to a local bank, with draft attached, drawn upon B., and B. was to pay the draft before he could receive the corn.   Prior to doing so the car was destroyed by fire, while at destination, on defendant's tracks:—

*Held,* that title had not passed to B., and he could not recover from defendant.

(2)  *Common Carriers.   Warehousemen.   Negligence.*

Two carloads of merchandise were shipped to plaintiff over defendant's road, and while on a spur track, next to plaintiff's warehouse, and after delivery to plaintiff, were destroyed by fire.   The provisions of the bills of lading expressly exempted defendant from liability for loss by fire.   Plaintiff had accepted the property and sold and removed some of it:—

*Held,* that defendant would not be liable in any event, except in the case of gross, willful, or criminal negligence, either as a common carrier, or as a warehouseman, which negligence did not appear.

*Held,* further, that, under the facts stated, defendant's liability as a common carrier had ended and it was not liable as a warehouseman.

TRESPASS ON THE CASE.   Heard on petition of plaintiff for new trial after nonsuit, and denied.

PARKHURST, J.   The plaintiff brings this action to recover damages from the defendant for loss by fire of one carload of

corn, one carload of oats, and one carload of gluten and bran which had been shipped to Davisville, R. I., over the defendant's railroad, and which, while still in the cars at Davisville, was destroyed by fire.

It appears from the testimony that the cars had reached Davisville on the 18th of July, 1899, and were placed on a spur track next to the plaintiff's warehouse, and that the plaintiff was duly notified of their arrival.

(1) It appears further that the carload of corn was shipped by one Mark Shultis, of Boston, and that Shultis agreed to pay the freight thereon to Davisville, and that a bill of lading was sent by Shultis through his bank to a bank in East Greenwich, with a draft attached drawn upon the plaintiff, and the plaintiff admits that he was to pay the draft before he could get the corn. It further appears that the plaintiff had not paid the draft and had not obtained the bill of lading for the same, prior to the destruction of the same, as hereinafter set forth.

It further appears that the carload of oats and the carload of bran and gluten were purchased outright of other parties, and no question is raised but that title to these two carloads had passed to the plaintiff on the 18th day of July, 1899.

It further appears that the plaintiff was allowed by the defendant's agent to open the two cars and examine and remove part of the contents of the cars containing the oats and bran and gluten, after they were placed upon the spur track, near the plaintiff's warehouse; the testimony is not clear as to how much of the bran and gluten was removed, but we think it sufficiently appears that a sufficient delivery of these two carloads was made to the plaintiff, and that he exercised and retained dominion as owner over the contents, so that he could not thereafter claim that he had not received them and that they were not his property. It is claimed by defendant, and not disputed by the plaintiff, that plaintiff put his own locks on these two cars after removing a portion of their contents on the afternoon of July 18, 1899.

Early in the morning of July 19, 1899, being shortly after midnight, a fire broke out, in the plaintiff's property adjacent to the spur track, which consumed the·plaintiff's warehouse,

and from which the three cars and their contents, standing on the spur track, took fire and were consumed.

The plaintiff afterwards paid the draft for the corn and took up the bill of lading and claims that thereby he became the owner as of July 18, 1899, and he is entitled as owner of the three carloads to recover from the defendant, either as a common carrier or as a warehouseman, for negligence in permitting the same to be consumed by fire.

As to the carload of corn, we are of the opinion, upon all the testimony, that title to the same had not passed to the plaintiff at the time of the fire.   He could only obtain title to the same by paying the draft and obtaining the bill of lading, which he had not done prior to the destruction.   The sale was conditional upon the payment of the draft, and title still remained in Shultis at the time of the fire; and the carload of corn had not been delivered to the plaintiff at that time; it was still locked and sealed with the lock and seal of the defendant.

Where merchandise is billed in this manner, in the absence of the most convincing testimony to the contrary, it is "almost conclusive" that the intention of the parties is that title does not pass until payment of the draft and delivery of the bill of lading.   *Wait* v. *Baker*, 2 Exch. Rep. 1; *Turner* v. *Trustees Liverpool Docks*, 6 Exch. Rep. 543; *Barber* v. *Meyerstein*, L. R. 4 H. of L. 317; *Shepherd* v. *Harrison*, L. R. 5 H. of L. 116; *Stollenwerck* v. *Thacher*, 115 Mass. 224; *McArthur Co.* v. *National Bank*, 122 Mich. 223; *Gabarron* v. *Kreeft*, L. R. 10 Exch. 274; *Ward* v. *Taylor*, 56 Ill. 494; *Benjamin on Sales*, 352, § 458.

(2)   Therefore, inasmuch as the plaintiff did not own the corn, he can not recover for it.

The carload of oats and the carload of bran and gluten were undoubtedly the property of the plaintiff, and had been delivered to him and passed into his possession and control at the time of the fire.   The liability of the defendant as a carrier as to these cars, was then at an end.   *Richardson et al.* v. *Goddard, et al.*, 23 How. (U. S.) 28; *McCarty* v. *N. Y. & Erie R. R. Co.*, 30 Pa. St. 247; *Mohr & Smith* v. *C. & N. W. R. R.*, 40 Ia. 579; *Jackson* v. *Sacramento V. Ry.*, 23 Cal. 268; *Cin.*

& *Chicago R. R.* v. *McCool*, 26 Ind. 140; *C. & Alton R. R.* v. *Scott*, 42 Ill. 132; *Whitney Mfg. Co.* v. *Richmond & D. R. R. Co.*, 17 S. E. Rep. 147.

No cases are cited for plaintiff in which, after careful examination, we find that the positions taken above are disputed. On the contrary, so far as they discuss the same questions, they recognize the same doctrine throughout.

It may be stated here, although not alluded to on either brief, that the provisions of the bills of lading, both of the oats and of the bran and gluten, expressly exempt the defendant from liability for loss by fire in the following language, viz.: "No carrier or party in possession of all or any of the property herein described shall be liable for any loss thereof or damage thereto, by causes beyond its control; or by floods *or by fire.*" &c., &c.  (See N. Y., N. H. & H. bill of lading of bran and gluten; also see C. C. & St. Louis R. Co. bill of lading of oats.)

It would appear, therefore, that in any event, so far as these two carloads are concerned, the defendant would not be liable, except in the case of gross, willful, or criminal negligence, for the loss either as a common carrier or as a warehouseman.

But there is no evidence of negligence on the part of the defendant.  The fire itself started in the property of the plaintiff, and was communicated to the cars, from that property, in the dead of night, when there were none of the defendant's employees on duty.  It is true that some of the defendant's employees, with other citizens, came to the fire and voluntarily attempted to render some assistance.  But the employees of the defendant were not under any obligation at that hour to the defendant, nor had the defendant any authority over them. *Aldrich* v. *Boston & Wor. R. R.*, 100 Mass. 31.  But under the testimony we do not find that the defendant was even a warehouseman.  The property had been delivered on the spur track to the plaintiff, he had accepted it, sold and removed some of it, and had assumed full dominion over it, and the mere fact that it still remained in the defendant's cars was a mere matter of convenience for the plaintiff; but did not impose any liability on the defendant.  *Gregg* v. *Ill. Cen. R. R.*, 147 Ill.

550; *S. & N. Ala. R. R.* v. *Wood,* 66 Ala. 167; *Whitney Mfg. Co.* v. *Richmond & D. R. R. Co,* 17 S. E. Rep. 147.

We find that there was no error of the court below in granting the nonsuit upon the testimony as presented.

The petition for new trial is denied and dismissed, and case is remitted to the Common Pleas Division for judgment.

*Samuel W. K. Allen and Thomas A. Jenckes,* for plaintiff.

*Tillinghast & Murdock,* for defendant.