### 10532

### DAVIS SON & CO. v. NORTHWESTERN RAILROAD COMPANY OF SOUTH CAROLINA.

#### (105 S. E. 350.)

CARRIERS—WHETHER FREIGHT STOLEN FROM CAR HAD BEEN DELIVERED TO CONSIGNEE HELD FOR JURY.—In action against railroad for loss of freight stolen from freight car after railroad's agent had notified the consignee's drayman of the arrival of the goods, and with drayman had checked up the goods and found that full shipment had arrived,

and after a portion of the shipment had been removed from the car, the question of whether there had been a delivery of the shipment to the consignee was a mixed question of law and fact which should have been submitted to the jury.

Before Bowman, J., Clarendon, October term, 1920. Reversed.

Action by .C. M. Davis Son & Co. against Northwestern Railroad Company of South Carolina. From directed verdict for plaintiff, the defendant appeals.

*Messrs. Purdy & O'Bryan,* for appellants, cite: *Question of delivery is a mixed question of law and fact:* 38 S. C. 365. *What constitutes delivery:* 40 L. R. A. (N. S.) 773; 44 L. R. A. (N. S.) 996; 38 S. C. 365.

*Mr. J. J. Cantey,* for respondent, cites: *Appellant is liable either as carrier or as warehouseman, and it was duty of Judge to direct verdict:* 85 S. C. 78. *Liability of carrier remains until the lapse of a reasonable time for consignee to remove after notice:* 78 S. C. 9; 82 S. C. 236. *Liability of warehouseman:* 90 S. C. 79; 99 S. C. 423.

December 20, 1920.

The opinion of the Court was delivered by Mr. Justice Fraser.

This is an action for $67.12 for a shortage in a shipment of 25 bags of rice. The car containing the rice arrived in Summerton on Saturday morning. It was an order notify shipment. The plaintiff turned over to the defendant the bill of lading with instructions to send up the rice when it came. The agent of the railroad notified the drayman of the plaintiff of the arrival of the rice and with him checked up the rice and found that the full shipment had arrived. The car was left open for the removal of the rice. The drayman notified the plaintiff's agent at the plaintiff's store.

The plaintiff's agent at the store told the drayman not to haul the rice until Monday.   Late in the evening on Saturday, the agent of the railroad found that, while the drayman removed other freight from the car, he had left the rice. The agent of the defendant then resealed the car.   On Monday morning it was found that four sacks of rice had been stolen from the car.   The plaintiff demanded payment for the stolen rice, but payment was refused.   This suit is brought for the value of the stolen rice and the penalty for nonpayment.   The defendant set up that it was not liable, for the reason that it had delivered the full shipment on Saturday.

At the trial the claim for the penalty was withdrawn, because the claim filed was for $67.12, and the correct amount was $57.12.

At the conclusion of the testimony the plaintiff moved for a directed verdict.   This motion was granted.   The defendant appealed.

Practically, there is only one question in this case: Did his Honor err in directing a verdict?   The answer is that he did err in directing a verdict for the plaintiff.   Delivery is a mixed question of law and fact and should have been sent to the jury under instructions from the Court.   See *Whitney Co. v. R. R. Co.*, 38 S. C. 370, 17 S. E. 147, 37 Am. St. Rep. 767.

The judgment is reversed.

MESSRS. JUSTICE HYDRICK and WATTS concur.

MR. CHIEF JUSTICE GARY and MR. JUSTICE GAGE absent on account of sickness.