[No. 3093. Sept. 7, 1927. On Rehearing Jan. 9, 1928. Second Motion for Rehearing Denied March 15, 1928.]

FULGHUM v. MADRID et al.

[265 Pac. 454.]

Louis S. Wilson, of Raton, for appellant.

Crampton & Darden, of Raton, for appellees.

OPINION OF THE COURT

WATSON, J. This suit was commenced May 23, 1924, to reform a mortgage and to foreclose it. The ref-

ormation sought was in the description. The true description is lot 10 and the west half of lot 11 in block B, Covey addition to the city of Raton. The property was erroneously described in the mortgage as lots 10 and 11, in block 13, of that addition.

By amended complaint, filed August 29, 1924, Richard H. Azar and Joseph Azar were made defendants; it being alleged that they claimed some right, title, and interest in the mortgaged property, but that, whatever their claim might be, it was junior, inferior, and subsequent to plaintiff's rights as mortgagee. Defendants Azar answered, admitting that they made claims upon the property, and denying the priority of plaintiff's mortgage. The court decreed reformation and foreclosure, but gave priority to the claim of defendants Azar. Plaintiff appeals.

The facts found by the trial court are: That on May 31, 1921, Madrid gave to appellant the mortgage in question, and that it was recorded the next day; that she intended to mortgage the land in question, but erroneously described it as above stated; that she had made default in the conditions of the mortgage, there being due $475, with interest and attorney's fees; that defendants Azar, as copartners, sued Madrid September 29, 1920, obtained judgment against her September 14, 1922, recorded the transcript thereof December 18, 1922, and took out execution August 11, 1924, by virtue of which the property in question was sold by the sheriff to appellee Richard H. Azar, he receiving a deed dated September 13, 1924, and recorded September 16, 1924; and that, at the time of obtaining the judgment and of recording the transcript, appellees had no knowledge of the mortgage or of any claim of appellant that he had a mortgage on the land in question.

As will appear from the opinion in ruling upon motions in this appeal (Fulghum v. Madrid, 31 N. M. 91, 240 P. 990), the only question appellant is in a position to submit is whether the findings support the judgment. This situation prevents us from noticing several of his contentions.

Appellees, on the other hand, argue as though appellee Richard H. Azar were to be here considered a purchaser at execution sale, without actual or constructive notice of appellant's claim. This we cannot admit. The court not only did not so find, but the judgment does not recognize the sheriff's sale or deed. It gives priority to the Azar brothers judgment lien. That is entirely inconsistent with appellees' position. The sale and conveyance to Richard H. Azar, if recognized by the court, would have completely merged the judgment lien of the Azar brothers, to which the court gave effect and priority.

The question is whether an unrecorded mortgage or a judgment lien shall have priority. We say an unrecorded mortgage, accepting appellees' contention that the recording of a mortgage which does not describe the land can have no effect as constructive notice.

Code 1915, § 4788, provided as follows:

"No deed, mortgage or other instrument in writing, not recorded in accordance with section 4786 shall affect the title or rights to, in any real estate, of any purchaser or mortgagee in good faith, without knowledge of the existence of such unrecorded instruments."

Under this section the recording of a mortgage was not necessary to give it priority over a judgment lien. Ilfeld v. De Baca, 13 N. M. 32, 79 P. 723; Chetham-Strode v. Blake, 19 N. M. 335, 142 P. 1130.

By chapter 11, Laws 1923, that section was amended to read as follows:

"No deed, mortgage or other instrument in writing, not recorded in accordance with section 4786, shall affect the title or rights to, in any real estate, of any purchaser, mortgagee in good faith, or judgment lien creditor, without knowledge of the existence of such unrecorded instruments."

We cannot doubt that the purpose of the amendment was to extend protection to judgment lien creditors without knowledge. It took effect in June, 1923. At that time a transcript of appellees' judgment had been of record for some time, and no suit had been instituted for reformation of the mortgage. It remains to decide, then, whether the amendment had the effect to change the prior-

ity as between an existing unrecorded mortgage and a judgment lien, or whether that priority continued as it was under the law in force when the mortgage was given and the judgment lien obtained.

There is, in this state, no constitutional inhibition upon retroactive legislation. The mere fact of its being retroactive is not sufficient to condemn it. It would no doubt have been competent for the Legislature to have made the amendment retroactive. It might have been expected in such case that the Legislature would have set some time within which a mortgagee might record his mortgage and thus preserve the priority which had vested in him over judgment liens. Indeed, it may be doubted whether, in the absence of such saving clause, and considering the effect (taking the priority of the mortgagee and giving it to the judgment lien creditor), the legislation could be upheld as retroactive. See 23 R. C. L. 172. See, also, Newton v. Thornton, 3 N. M. 287, 5 P. 257, where a statute allowing an occupant of land, on being deprived of his possession, to recover the value of improvements made, though in express terms retroactive, was not allowed to have that effect, since the improvements had vested in the owner of the land prior to the passage of the act, and since giving the act such effect would have been a taking of private property for private use. It is unnecessary, however, to pursue this question. There is nothing in the amendment to indicate a legislative intent that it should have retroactive effect. In such case it is universally ruled that such effect will not be given it by construction. 36 Cyc. p. 1205 et seq.; 25 R. C. L. "Statutes," § 35; Lewis' Sutherland Stat. Const. (2d Ed.) §§ 335, 642; Beal Cardinal Rules of Legal Interpretation (2d Ed.) p. 414 et seq. See, also, Gallegos v. A. T. & S. F. Ry. Co., 28 N. M. 472, 214 P. 579, and State Tax Commission v. Powers & Scroggins, 29 N. M. 10, 218 P. 186, where the general rule is stated.

It seems to us, therefore, that the priority must be determined according to the law in force when the mortgage was given and the judgment lien obtained. That being the case, appellant is correct in his contention that

the court erred in rendering the judgment he did upon the findings he made. Upon those findings appellant's mortgage is a lien superior to appellees' judgment.

The judgment must be reversed, and the cause remanded, with direction to enter judgment for appellant in conformity herewith. It is so ordered.

PARKER, C. J., concurs.

BICKLEY, J., having been counsel, did not participate.

ON MOTION FOR REHEARING

WATSON, J. It is pointed out that we have overlooked a finding of the trial court that Madrid, the mortgagor and judgment debtor, "never acquired the legal title * * * (to the property in question) * * * until the 26th day of June, 1924." This fact is of importance.

Appellees' position is that, prior to the acquisition of title, neither the mortgage nor the judgment took effect as a lien; that the judgment lien immediately attached on June 26, 1924; that, even if the mortgage attached on that date as between the immediate parties, it did so as an unrecorded mortgage because of the insufficiency of the description to give constructive notice; and that, as between an unrecorded mortgage and a recorded judgment lien, taking effect simultaneously since Laws 1923, c. 11, took effect, the latter is entitled to priority.

Appellant urges that the finding is equivocal; that it implies a former existing equitable title, executed by the transfer of the legal title; that both the mortgage and the judgment liens formerly existed, effective upon such equitable title; and that their priority was not affected by the acquisition of the legal title. Where this theory would lead us we need not consider. We cannot so construe the finding. We are bound to construe it liberally in support of the judgment. Board of Trustees v. Garcia, 32 N. M. 124, 252 P. 478; Guaranty Banking Corporation v. Western Ice & Bottling Co., 28 N. M. 19, 205 P. 728. As our inquiry is limited to the sufficiency of the findings to support the judgment, we have here in question a mort-

gage given upon property not owned at the time, but subsequently acquired.

Appellant contends that a mortgage given upon property not owned will take effect upon the acquisition of the property. This principle, if correct, cannot aid him unless the mortgage, at the time of taking effect, was sufficient to give constructive notice. Appellant contends that it was. Unfortunately, however, the extrinsic facts upon which he places reliance are not included in the findings. We can only compare the correct description with the erroneous. Manifestly, we cannot say that the incorrect description was so obviously an error as not to affect the record as constructive notice.

So it seems that we made improper disposition of the appeal. The motion for rehearing is granted, and, as no further argument seems necessary, the judgment will be affirmed, and the cause remanded. It is so ordered.

PARKER, C. J., concurs.

BICKLEY, J., not participating.