442 P.2d 593

**FEDERAL NATIONAL MORTGAGE AS-
SOCIATION, a corporation, Plain-
tiff-Appellee.**

v.

**ROSE REALTY, INC., a corporation,
Defendant-Appellant.**

**No. 8549.**

Supreme Court of New Mexico.

June 10, 1968.

Oliver B. Cohen, Albuquerque, for appellant.

Montoya & Montoya, Albuquerque, for appellee.

## OPINION

COMPTON, Justice.

This action by the plaintiff was to recover judgment on a promissory note and to foreclose a mortgage securing the same. The action was filed January 19, 1966. A copy of the complaint with copies of the note, mortgage and assignment to it attached as exhibits was immediately served upon the defendant. The defendant, Rose Realty, Inc., a corporation, being a subsequent mortgagee, on January 24, 1966, served the plaintiff with a request for admissions to be answered within 10 days that the note had been paid when refinanced by other defendants. The request was not denied by plaintiff until September 16, 1966. In the meantime, the defendant, pursuant to § 21-1-1(36), N.M.S.A.1953 Comp., had moved for a dismissal of the cause on the ground that such failure to deny the requests operated as an admission that the note had been paid.

The cause was tried to the court. The defendant electing to stand upon its motion to dimiss offered no evidence. Judgment was awarded in favor of the plaintiff against all defendants for the full amount of the note, and the defendant, Rose Realty, Inc., a corporation, appeals.

The denial of appellant's motion to dismiss is the basis of its first point urged for a reversal of the judgment. We fail to see any error in this regard. Our review on appeal is limited to a consideration of the transcript of the record properly certified

by the clerk of the trial court, State v. Edwards, 54 N.M. 189, 217 P.2d 854, and the transcript of the record fails to show that the request for admissions was ever introduced into evidence as a part of the record. Robinson v. Navajo Freight Lines, Inc., 70 N.M. 215, 372 P.2d 801.

The basis of appellant's second point is that the court erred in awarding a money judgment against it. The point has merit; there was a procedural denial of due process. A judgment may not grant relief which is neither requested by the pleadings nor within the theory on which the case was tried. Van Sickle v. Keck, 42 N.M. 450, 81 P.2d 707; Badaracco v. Badaracco, 10 N.M. 761, 65 P. 153; Lockhart v. Leeds, 10 N.M. 568, 63 P. 48.

The judgment, to the extent it awards a money judgment against the appellant, is reversed; otherwise, the judgment is affirmed.

It is so ordered.

CHAVEZ, C. J., and NOBLE, J., concur.