496 P.2d 1084

Steve CHAVEZ and Corrine Chavez,
his wife, Plaintiffs-Appellees,

v.

John F. GRIBBLE, d/b/a Gribble Construc-
tion Company, Defendant-Appellant.

No. 9356.

Supreme Court of New Mexico.

May 5, 1972.

Branch & Dickson, Bill Chappell, Jr.,
Albuquerque, for defendant-appellant.

Cotter, Hernandez, Atkinson, Campbell
& Kelsey, Albuquerque, for plaintiffs-ap-
pellees.

OPINION

STEPHENSON, Justice.

The parties entered into a written con-
tract whereby Defendant-Appellant (de-
fendant) agreed to construct an addition to
the house of Plaintiffs-Appellees (plain-
tiffs) for $4,350. Work was commenced
and plaintiffs had paid $3,350 when a dis-
pute arose which culminated in this action
in which plaintiffs alleged a breach of con-
tract and performance of work by defend-
ant in an unskillful and negligent manner
and later, by amendment, fraud.

The trial court entered judgment for
plaintiffs for $2,500 and defendant appeal-
ed. We affirm.

Defendant first claims the court committed error in admitting into evidence the contract, it not having been filed with the complaint as required by Rule 9(k) [§ 21–1–1(9) (k), N.M.S.A., 1953].

■ Plaintiffs' complaint pleads the contract and recites a copy of it is attached as an exhibit, but no copy was attached. The same is true of the first amended complaint. This omission was apparently inadvertent. The answer does not deny the allegation of such attachment and in fact makes reference to the contract's having been so attached. Moreover, defendant in his counterclaim pleaded the contract and attached a copy of it as an exhibit. Plaintiffs admitted the allegations in question, including authenticity of the contract, by a failure to deny.

When plaintiffs tendered the contract into evidence, defendant objected to its admission on the basis of Rule 9(k). The objection was overruled, and the court's ruling is now attacked. Plaintiffs did not seek to amend the pleadings.

The contract itself, having been pleaded, attached to the counterclaim and admitted, was before the court. There was no occasion to offer or receive it into evidence. No proof is required as to that which is admitted in the pleadings. City of Hot Springs v. Hot Springs Fair & Racing Ass'n, 56 N.M. 317, 243 P.2d 619 (1952). Any error inherent in the court's ruling was harmless.

Defendant next asserts in a rather cursory way, without argument of substance or citation of authority, that "the undisputed testimony is that the defendant is entitled to recover the sum of $1,000.00."

Defendant simply says that the contract called for payment of $4,350 and that since only $3,350 was paid, the court erred in finding that plaintiffs performed the conditions required of them in the contract and in refusing to conclude, as requested by defendant, that defendant was entitled to recover the sum of $1,000 "as monies not fully paid on the contract." The court

found that defendant did not perform the contract as required on his part, to plaintiffs' damage in the sum of $2,500. The latter finding is not attacked.

■ We see nothing wrong with the court's finding that plaintiffs performed. The contract provided for payments "to be made in full upon final inspection as per loan agreement with Albuquerque Federal Savings and Loan." There is no finding by the court that the time for payment had arrived. No such finding was requested by defendant, nor has he invited our attention to any evidence in the record that the time for payment had arrived. We will not search the record to discover whether such evidence exists. Moreover, the court found that defendant had not performed and, as we have said, this finding was not attacked. Accordingly, we hold that the court did not err in making its finding that plaintiffs had performed.

It may be that defendant is, in truth, contending for the rule of damages set forth in Restatement of Contracts, § 346, quoted by us with approval in Montgomery v. Karavas, 45 N.M. 287, 114 P.2d 776 (1941) as follows:

" '(1) For a breach by one who has contracted to construct a specified product, the other party can get judgment for compensatory damages for all unavoidable harm that the builder had reason to foresee when the contract was made, less such part of the contract price as has not been paid and is not still payable, determined as follows:

'(a) For defective or unfinished construction he can get judgment for either

'(i) the reasonable cost of construction and completion in accordance with the contract, if this is possible and does not involve unreasonable economic waste; or

'(ii) the difference between the value that the product contracted for would have had and the value of the performance that has been received by the plaintiff, if construction and completion in

accordance with the contract would involve unreasonable economic waste. * * * ' "

If this be true, the result we reach is not affected, because there is nothing before us to indicate the reasonable cost of construction or completion in accordance with the contract or even whether such completion is possible without unreasonable economic waste.

There is nothing before us to indicate that the court did not take into account the amount of money unpaid on the contract in fixing the amount of the award. A study of the court's findings and conclusions as a whole indicates that it is more likely that this figure was taken into consideration.

Finally, defendant contends that the court erred in fixing the amount of costs to be recovered by plaintiffs. We agree. The proceedings involving costs were unorthodox and prevented defendant from having his day in court. It does not appear that the clerk of the court assessed the costs nor was any notice given that they were being assessed. There was never a hearing on defendant's objections or his motion attacking the judgment.

The chronology is as follows:

February 10, 1971: Plaintiffs filed bill of costs in the amount of $563.98.

March 16, 1971: Defendant filed objection to bill of costs.

April 6, 1971: Judgment entered—including costs in same amount as requested by plaintiffs.

April 14, 1971: Defendant filed motion to set aside judgment based on erroneous award of costs.

May 3, 1971: Defendant filed notice of appeal.

Most of the argument is directed to the issue of whether or not § 20-1-4(b), N.M.S.A., 1953, in its amended form, governs. We do not reach this question because it is not clear to us that it was specifically called to the court's attention or that the court made a direct ruling in this regard.

The award of costs will therefore be set aside, with leave to the parties to seek or resist an award of costs, in strict compliance with the Rules of Civil Procedure. Rule 54(d) [§ 21-1-1(54) (d), N.M.S.A., 1953].

The award of damages is affirmed, but the award of costs is reversed, subject to the right of the parties to proceed further in the manner we have specified.

It is so ordered.

COMPTON, C. J., and MONTOYA, J., concur.