518 P.2d 782

**H. T. COKER CONSTRUCTION CO., Plaintiff-Appellant, Cross-Appellee,**

v.

**WHITFIELD TRANSPORTATION, INC., Defendant-Appellee, Cross-Appellant.**

No. 1236.

Court of Appeals of New Mexico.

Jan. 9, 1974.

Wayne A. Jordan, Shipley, Durrett, Conway & Sandenaw, Alamogordo, for plaintiff-appellant.

S. Thomas Overstreet, Alamogordo, for defendant-appellee.

## OPINION

WOOD, Chief Judge.

██ This appeal involves two claims of damage to merchandise shipped by the manufacturer in California to plaintiff in Alamogordo, New Mexico. Defendant is a common carrier " * * * operating pursuant to the laws of the United States and the regulations of the Interstate Commerce Commission." " * * * [U]nder federal law, in an action to recover from a carrier for damage to a shipment, the shipper establishes his prima facie case when he shows delivery in good condition, arrival in damaged condition, and the amount of damages. * * * " Missouri P. R. Co. v. Elmore & Stahl, 377 U.S. 134, 84 S.Ct. 1142, 12 L.Ed.2d 194, reh. denied, 377 U. S. 984, 84 S.Ct. 1880, 12 L.Ed.2d 752 (1964). The application of this rule is dispositive. In applying the rule we discuss: (1) findings of fact and conclusions of law; (2) answers to interrogatories; and (3) probative value of hearsay.

Two shipments are involved. Both shipments were received by a common carrier

in California. This carrier turned the shipments over to defendant. Defendant delivered the first shipment in September, 1971 and the second shipment in April, 1972. Claiming merchandise in both shipments was damaged when delivered, plaintiff sued defendant, see 49 U.S.C.A. § 20(11) (1951), for the cost of replacing the damaged merchandise. Judgment was for defendant in connection with the first shipment; plaintiff appeals. Judgment was for plaintiff in connection with the second shipment; defendant cross-appeals.

### The first shipment.

We assume, but do not decide, that there is proof that the merchandise delivered in September, 1971 was received by the carrier in an undamaged condition. Plaintiff asserts the evidence shows defendant delivered a portion of this merchandise in a damaged condition. The trial court refused plaintiff's requested finding to that effect. Plaintiff asserts the refusal of this request was error. We disagree.

■ At the time of delivery of the first shipment some of the cartons containing the merchandise showed visible damage on the outside of the cartons. Four or five of the cartons showing visible damage were opened at the time of delivery; no damage was found to the merchandise inside the cartons. Other cartons ". . . which had scratches and tears in the cardboard . . . were not opened at that time." The damage to merchandise claimed in connection with the first shipment was not discovered until four months after delivery. The statements in this paragraph are taken from findings of the trial court which are not challenged. These findings are binding on appeal. Springer Corporation v. Kirkeby-Natus, 80 N.M. 206, 453 P.2d 376 (1969).

■ The undisputed evidence is that the cartons opened at time of delivery were ". . . those that looked the worst. . . ." The practice was ". . . that anything that shows to be damaged at the time, we check it. . . . The damage

that we later discovered was where something had hit them and the carton was crushed but not torn. . . ."

Findings which are not attacked, and the undisputed evidence referred to above, substantially support the trial court in refusing to find that merchandise in the first shipment was delivered in a damaged condition.

■ One rule concerning findings of fact is "* * * that where a party has the burden of proof on an issue and requests findings on that issue, which are refused, the legal effect of the refusal of the requested findings is a finding against that party. * * *" Tabet Lumber Company v. Chalamidas, 83 N.M. 172, 489 P.2d 885 (Ct.App.1971). Under this rule, the trial court's refusal of plaintiff's requested finding has the legal effect of a finding that merchandise in the first shipment was not damaged when delivered.

Another rule concerning findings, also referred to in *Tabet,* supra, is that when properly requested, the trial court is required to find ultimate facts, and that it is error to fail to find either way on a disputed issue that is material. See Sanchez v. Sanchez, 84 N.M. 498, 505 P.2d 443 (1973). This rule is not applicable in this case.

■ Findings are to be liberally construed in support of the judgment. Fulghum v. Madrid et al., 33 N.M. 303, 265 P. 454 (1927). The findings are sufficient if a fair construction of all of them, taken together, justify the trial court's judgment. Hoskins v. Albuquerque Bus Company, 72 N.M. 217, 382 P.2d 700 (1963). Unchallenged findings, referred to above, when construed liberally in support of the judgment, are to the effect that the damaged merchandise discovered four months after delivery was not shown to have been damaged at the time of delivery. Thus, the unchallenged findings are that plaintiff failed to prove delivery of the merchandise in a damaged condition.

The unchallenged findings, construed liberally, show the trial court did rule on

whether the merchandise was delivered in a damaged condition. These findings, and the trial court's refusal of plaintiff's requested finding, support the conclusion that plaintiff should not recover for the claimed damage to merchandise in the first shipment.

■ Plaintiff does not contend that the findings, discussed above, fail to support the judgment. Its claim is that one of the trial court's findings is not supported by substantial evidence. This finding goes to negligence of plaintiff in handling the merchandise in the four month period after delivery of the merchandise and before any damaged merchandise was discovered. Assuming an absence of evidence to support this finding, it does not require a reversal. This finding was unnecessary for a decision and, as pointed out above, the findings are sufficient to support the conclusion that plaintiff should not recover. Garcia v. Color Tile Distributing Company, 75 N. M. 570, 408 P.2d 145 (1965).

Plaintiff also claims that the trial court applied an erroneous theory in one of its conclusions of law. This conclusion states that plaintiff should not recover because it ". . . failed to exercise due diligence in inspecting the merchandise received on September 3, 1971. . . ."

■ We assume, but do not decide, that the legal conclusion is erroneous. This assumption does not aid plaintiff. The decision of a trial court is to be upheld if correct for any reason. Scott v. Murphy Corporation, 79 N.M. 697, 448 P. 2d 803 (1968). The trial court is not to be reversed when it reaches the correct result for a wrong reason. Tsosie v. Foundation Reserve Insurance Company, 77 N.M. 671, 427 P.2d 29 (1967). The assumed erroneous conclusion does not require a reversal because the refusal to find damage to the merchandise when delivered, and the findings to the effect that damage when delivered was not proved, are legally correct.

*The second shipment.*

There is substantial evidence that a portion of the merchandise delivered in April, 1972 was damaged when delivered. Defendant asserted, both in the trial court and on appeal, that there was a failure of proof that the merchandise was delivered to the carrier in California in an undamaged condition.

Plaintiff's evidence concerning delivery to the carrier in undamaged condition was by answers to interrogatories. Defendant contends certain of these answers were improperly admitted over its objection that the competency of the witness to give the answers had not been established. We need not answer this question.

■ Assuming the answers to interrogatories, were properly admitted, none of the answers identify any merchandise that was delivered to the carrier. The answers refer to merchandise identified in an "Exhibit A" attached to the interrogatories. "Exhibit A", however, is never identified and was not offered into evidence either as a part of the answers to interrogatories or independently of the interrogatories. "Exhibit A" never having been introduced as evidence, that exhibit could not be considered in determining the sufficiency of the evidence. Federal National Mortgage Ass'n v. Rose Realty, Inc., 79 N.M. 281, 442 P.2d 593 (1968) ; Robinson v. Navajo Freight Lines, Inc., 70 N.M. 215, 372 P.2d 801 (1962).

There is another deficiency to "Exhibit A." "Exhibit A" is a printed form with blanks. The printing refers to "[t]he property described below." That which was inserted in the blanks cannot be read. Even if "Exhibit A" were to be considered, it would not help plaintiff because we cannot determine what was inserted in the blanks. Our review is limited to the record. The record does not show what merchandise is being referred to when, in the answers to interrogatories, it is stated that the merchandise described on "Exhibit A" was undamaged when loaded on the

carrier's truck. Federal National Mortgage Ass'n v. Rose Realty, Inc., supra.

The only other evidence pertinent to delivery of the merchandise in the second shipment to the carrier in undamaged condition is plaintiff's exhibit No. 2. This exhibit is identified as a ". . . copy of reordering of the damaged material . . ." and as an invoice which shows the damaged items of merchandise. The invoice is that of the area sales representative of the California manufacturer.

 The invoice carries the notation: "to replace toilet partition parts damaged in shipment by freight line." The invoice was hearsay but was admitted into evidence without objection. Accordingly, the invoice is to be considered in the same manner as other relevant evidence. Fox v. Doak, 78 N.M. 743, 438 P.2d 153 (1968). This, however, does not mean that the hearsay statement is conclusive proof of the matter asserted therein. Rather, the hearsay statement has probative value " * * * to the extent of whatever rational persuasive power it may have. * * *" State v. Romero, 67 N.M. 82, 352 P.2d 781 (1960); State v. Baca, 83 N. M. 184, 489 P.2d 1182 (Ct.App.1971).

 In our opinion, the hearsay statement has no probative value; that is, it does not tend to prove that the merchandise was delivered to the carrier in an undamaged condition. See "Probative" in Black's Law Dictionary, West (4th ed. 1951). It has no probative value because all we know about it is that it appears on the invoice of the sales representative of the manufacturer. We do not know who inserted the statement, why or on what basis. Compare State v. Romero, supra. The statement is no more than uncorroborated hearsay. Such hearsay does not constitute substantial evidence, Ferguson-Steere Motor Co. v. State Corp. Com'n, 63 N.M. 137, 314 P.2d 894 (1957), and, because of the total absence of corroboration in this record, has no rational persuasive power.

 Because there is no substantial evidence to support the finding, the trial court erred in finding that the merchandise was delivered to the carrier in an undamaged condition.

The judgment in favor of defendant on Count I of the complaint is affirmed. The judgment in favor of plaintiff on Count II of the complaint is reversed. The cause is remanded for entry of a new judgment consistent with this opinion.

Defendant is awarded its costs in this appeal.

It is so ordered.

HERNANDEZ, J., concurs.

SUTIN, J., concurs in part and dissents in part.

SUTIN, Judge (concurring in part and dissenting in part).

I concur on the first shipment and dissent on the second shipment. The judgment of the trial court should be affirmed.

### First Shipment

The plaintiff's first contention is that the trial court erred in concluding:

> That the plaintiff failed to exercise due diligence in inspecting the merchandise received on September 3, 1971, and described on Exhibit "A", and therefore Plaintiff should not be entitled to recovery on Count I of the First Amended Complaint. (Tr. 62) [Emphasis added]

"It is fundamental that a judgment cannot be sustained on appeal, unless the conclusion on which it rests finds support in one or more findings of fact." Langdon v. Jaramillo, 80 N.M. 255, 454 P.2d 269 (1969); Galvan v. Miller, 79 N.M. 540, 445 P.2d 961 (1968).

The trial court made no finding on plaintiff's duty to inspect. I consider the conclusion to be a finding that plaintiff failed to exercise due diligence in inspecting the merchandise received on September 3, 1971. The failure to inspect is the basis

for the trial court's conclusion that plaintiff could not recover on Count I.

The only issue is: Does the failure to inspect between September 3, 1971 and January 3, 1972 deprive plaintiff of relief? The answer is "Yes".

The relationship between plaintiff and defendant is that of consignee and common carrier. "The liability of a common carrier as such for the safety of the property does not terminate until the carrier has made an actual delivery of the property, in good condition . . . ." 13 Am.Jur.2d Carriers, § 405. "The general rule is that the consignee is entitled to make a reasonable examination or inspection of the goods before accepting their delivery, for the purpose of ascertaining whether they are in a satisfactory condition." 13 Am. Jur.2d Carriers, § 425; 13 C.J.S. Carriers § 170.

When the consignee accepts delivery, the status of the common carrier, as such, terminates. As to third persons, the common carrier is no longer in possession of and is not the owner of the property. The property is owned by the consignee. Whitney Manuf'g Co. v. Richmond & D. R. Co., 38 S.C. 365, 17 S.E. 147 (1893). The general rule of common carrier liability is no longer applicable.

In the instant case, the plaintiff accepted the property on arrival, without inspection. Then the plaintiff waited four months to discover the damage. The defendant is free of liability. Kingman St. Louis Implement Co. v. Southern Ry. Co., 133 Mo. App. 317, 112 S.W. 721 (1908); McEntire v. Chicago R. I. & P. Ry. Co., 98 Neb. 92, 152 N.W. 305 (1915).

The failure to exercise due diligence in inspecting the merchandise received on September 3, 1971 denied plaintiff the right to recover damages. Plaintiff's remaining points are answered above and require no further discussion.

### Second Shipment

On the second shipment, plaintiff established by substantial evidence that the merchandise was undamaged at the time it was loaded by the shipper in California. During the reading of the witness' interrogatories, the defendant objected to three questions which established the fact based upon "Exhibit A". The objection was overruled. Section 21–1–1(32)(c)(3) provides:

Objections to the form of written interrogatories submitted under Rule 31 are waived unless served in writing upon the party propounding them within the time allowed for serving the succeeding cross or other interrogatories and within 3 days after service of the last interrogatories authorized.

The defendant waived objections to the questions. The answers were admissible.

Exhibit "A", which identified five packages of stall partitions, weight 189, was a memorandum from the shipper to plaintiff of the merchandise loaded in California. It was attached as an exhibit to the interrogatories submitted to the witness. By cross-interrogatories defendant examined the witness with reference to Exhibit "A". This exhibit was before the trial court. At the conclusion of the case, on motion to dismiss, defendant did not claim that Exhibit "A" was not offered in evidence to identify the merchandise at the time it was loaded in California. The failure of plaintiff to formally offer Exhibit "A" in evidence was inadvertent and harmless error. Chavez v. Gribble, 83 N.M. 688, 496 P.2d 1084 (1972).

The judgment for plaintiff should be affirmed.